# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 18-1341 | **September Term, 2020**
FILED ON: OCTOBER 23, 2020

THADDEUS J. NORTH,
    PETITIONER

v.

SECURITIES AND EXCHANGE COMMISSION,
    RESPONDENT

Consolidated with 19-1264

On Petition for Review of an Order
of the Securities & Exchange Commission

Before: GARLAND, RAO, and WALKER, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the Securities and Exchange Commission (SEC) and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Petitioner Thaddeus North was chief compliance officer (CCO) of Southridge Investment Group and then Ocean Cross Capital Markets. The SEC issued two orders determining that, in those roles, North violated Financial Industry Regulatory Authority (FINRA) and other rules related to disclosure and monitoring. North filed this petition for review under 15 U.S.C. § 78y(a). We review the Commission's factual findings to determine whether they are "supported by substantial evidence," 15 U.S.C. § 78y(a)(4), and we may set aside its legal conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *Katz v. SEC*, 647 F.3d 1156, 1161 (D.C. Cir. 2011) (quoting 5 U.S.C. § 706(2)(A)).

The Commission's determination that North failed to report Southridge's relationship with

a statutorily disqualified person, as required by FINRA and other rules, is supported by substantial evidence. The Commission found a series of "clear red flags" that "should have led North to inquire" about such a relationship, but he failed to do so. *Thaddeus J. North*, Exchange Act Release No. 84500, 2018 WL 5433114, at 8 (Oct. 29, 2018) [hereinafter SEC Op. I]. North's legal challenges to this determination are unavailing. First, North argues that FINRA reporting requirements apply only to firms and not to individuals. Pet. Br. 13. But FINRA rules apply to member firms and "[p]ersons associated with a member shall have the same duties and obligations as a member under the Rules." FINRA Rule 0140(a). *See Dennis Todd Lloyd Gordon*, Exchange Act Release No. 57655, 2008 WL 1697151, at 12 (Apr. 11, 2008) (holding CCO personally liable for requirements placed on a firm). Second, North challenges the rule's requirements on constitutional grounds. But North forfeited these arguments by failing to raise them before the Commission and offering no justification for doing so on appeal. *See* 15 U.S.C. § 78y(c)(1) ("No objection to an order . . . may be considered by the court unless it was urged before the Commission or there was reasonable ground for failure to do so.").

The Commission's determination that North failed to develop written procedures for review of electronic correspondence at Southridge is also supported by substantial evidence. SEC Op. I at 5-6. So too are its determinations that North failed to ensure review of electronic correspondence at both firms. *Id.* at 6; *Thaddeus J. North*, Exchange Act Release No. 87638, 2019 WL 6359770, at 4 (Nov. 27, 2019). North's defenses to those determinations are insufficient to establish that the Commission lacked substantial evidence for its findings. Similarly, North's arguments that FINRA violated the Electronic Communications Privacy Act and that FINRA and the Commission displayed "systemic deference and implicit bias" and "relational biases," Pet. Rep. Br. 26-27, fail because North does not cite specific rules or standards that were violated in a manner that would affect a substantial evidence review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/

Michael C. McGrail
Deputy Clerk